# United States District Court

## DISTRICT OF ___ MASSACHUSETTS

UNITED STATES OF AMERICA
V.

JOSE MANUEL ORTIZ

### CRIMINAL COMPLAINT

CASE NUMBER: 94-M0082-01-LPC

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about ___September 2, 1994___ in ___Suffolk___ county, in the

_____ District of ___Massachusetts___ defendant(s) did, (Track Statutory Language of Offense)

escape from an institution where he was confined by direction of the Attorney
General pursuant to a judgment of conviction for a federal offense

in violation of Title ___18___ United States Code, Section(s) ___751(a) and 4082(a)___.

I further state that I am a(n) ___Deputy U.S. Marshal___ and that this complaint is based on the following
Official Title

facts:

SEE ATTACHED AFFIDAVIT OF DEPUTY U.S. MARSHAL WALTER G. DOHERTY, JR.

Continued on the attached sheet and made a part hereof:    ☒ Yes    ☐ No

Signature of Complainant  WALTER G. DOHERTY, JR.
Deputy U.S. Marshal

Sworn to before me and subscribed in my presence,

Date  September 13, 1994

at    Boston, MA
City and State

LAWRENCE P. COHEN
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer

Signature of Judicial Officer

<u>AFFIDAVIT OF WALTER G. DOHERTY, JR.</u>

I, Walter G. Doherty, Jr., being duly sworn, hereby depose and state as follows:

1. I am a Deputy U.S. Marshal and have been so employed for fifteen years.

2. This affidavit is made in support of a criminal complaint against Jose  Manuel Ortiz for Escape from the Custody of the Attorney General, in Violation of Title 18, United States Code, Sections 751(a) and 4082(a).

3. On September 5, 1994, the U.S. Marshals Service received a facsimile transmittal from Jerry Vroegh of the U.S. Bureau of Prisons, in Boston, Massachusetts, stating that Jose Manuel Ortiz had fled the Coolidge House Community Correctional Center in Boston, Massachusetts on September 2, 1994.

4. I have personally reviewed the official U.S. Bureau of Prisons file on Jose Manuel Ortiz. My review revealed the following facts:

a) That Jose Manuel Ortiz, a white male, with a date of birth of August 15, 1962, was sentenced to a term of Fifty-One (51) months in prison in the United States District Court for the District of Rhode Island on November 13, 1991 for Conspiracy and Possession of Cocaine With Intent to Distribute. Copies of the relevant Judgement and Commitment Orders in those cases are attached hereto.

b)    That Jose Manuel Ortiz was designated to the Federal

Correctional Institute ("FCI") in Loretto, Pennsylvania

on January 16, 1992.  On June 17, 1992 Ortiz was

transferred to Federal Prison Camp McKean County,

Bradford, Pennsylvania.  On August 19, 1994, Ortiz

was transferred to Coolidge House in Boston,

Massachusetts for Pre-Release Programming.

5.    For the foregoing reasons, I have probable cause to

believe that Jose Manual Ortiz did escape from an institution

where he was confined by direction of the Attorney General

pursuant to a judgement of conviction for a federal offense, in

Violation of Title 18, United States Code, Sections 751(a) and

4082(a).

WALTER G. DOHERTY, JR.
Deputy U.S. Marshal
District of Massachusetts

Subscribed and sworn to before me
on the 13th day of September, 1994.

LAWRENCE P. COHEN
United States Magistrate Judge

# memorandum

DATE:        September 5, 1994

REPLY TO
ATTN OF:     Jerry Vroegh, CCM, Boston, MA

SUBJECT:     **Ortiz, Jose Manuel #03514-070**                    <u>**VIA FAX**</u>

TO:          U.S. Marshal, District of Rhode Island

The purpose of this correspondence is to confirm my telephonic conversation with U.S. Marshals David Libby and Bob Young on Saturday, September 3, 1994, concerning the escape of the above-named Bureau of Prisons inmate from Coolidge House Community Correctional Center in Boston, MA on September 2, 1994. At the time of his escape, inmate Ortiz had a projected release date of 02-14-95 via good conduct time release.

Inmate Ortiz signed out of Coolidge House at 0730 on 09-02-94 to seek employment in the Providence, RI area. He was due to return to the facility at 1700 on that date. However, he did not report back as required, nor did he make any required telephonic contacts with Coolidge House after his departure. Coolidge House staff unsuccessfully attempted to contact inmate Ortiz through his known community contacts.

Based on these circumstances, inmate Ortiz should be considered an escaped federal prisoner, and we request that procedures for apprehension be initiated.

Inmate Ortiz listed the following individuals as his points of contact:

Rosa Fernandez
861 Broad St., Apt. 109
Providence, RI    02907
(401) 941-3721

Bienvenido Delarosa
4811 Cottage Avenue
North Bergen, NJ    02747
(201) 867-2531

Inmate Ortiz' property at Coolidge House has been secured and inventoried. If we receive any additional information as to his possible whereabouts, we will inform you immediately.

Thank you for your cooperation. Please call me at (617) 223-9810 if I can be of any assistance to you.

OPTIONAL FORM NO. 10
(REV. 1-80)
GSA FPMR (41 CFR) 101-11.6
5010-114

* U.S. GPO 1990-0-281-782-20256

AO 245 S (Rev. 4/90) Sheet 1 - Judgment in a Criminal Case

# United States District Court

District of Rhode Island

Certified as a true copy on
This Date: 4/1/94
By _____ Clerk
(  ) Deputy

UNITED STATES OF AMERICA

V.

JOSE MANUEL ORTIZ

(Name of Defendant)

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

Case Number:    CR 91-53-02L

David Cooper
Defendant's Attorney

THE DEFENDANT:

☑ pleaded guilty to count(s) _____ 1 & 2 _____.
☐ was found guilty on count(s) _____ after a
plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:841(a)(1) | Conspiracy | 6/3/91 | 1 |
| 21:846 | Possession of cocaine w/intent to distribute | 6/3/91 | 2 |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____ and is discharged as to such count(s).
☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.
☑ It is ordered that the defendant shall pay a special assessment of $ ___100.00___, for count(s) _____, which shall be due ☒ immediately ☐ as follows:

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No. 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

Defendant's Date of Birth: 8/15/62

Defendant's Mailing Address:

ACI, Intake Center
Cranston, RI

Defendant's Residence Address:

47 Federal Street

Providence, RI

November 13, 1991
Date of Imposition of Sentence

_____ (signature)
Signature of Judicial Officer

Ronald R. Laqueux, U.S.D.J.
Name & Title of Judicial Officer

11/13/91
Date

Jose Manuel Ortiz
CR 91-53-02L

Judgment—Page __2__ of __5__

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for

a term of __COUNT 1: 51 months__

COUNT 2: 51 months concurrent to count 1.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States marshal.
☐ The defendant shall surrender to the United States marshal for this district.
   ☐ at _____ a.m.
        p.m. on _____.
   ☐ as notified by the United States marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
   ☐ before 2 p.m. on _____.
   ☐ as notified by the United States marshal.
   ☐ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_U. S. Marshal's prisoner_

Defendant delivered on _1/16/92_ _January 3, 1992_ to _John Gluch_ _FCI Loreto_ at
_Loretto, PA_ _Ft. C cl. Danbury_ , with a certified copy of this judgment.

_1-9-92_
_Del. To USP Lewisburg_
_D. Lively LT._

_J. A. Blanchard_
_Sydney Goldberg_
United States Marshal

Judg␣␣nt—Page ___ of ___

## SUPERVISED RELEASE

from imprisonment, the defendant shall be on supervised release for a term of _____

**5 years;    COUNT 2: 5 years concurrent to count 1.**

the defendant shall not commit another federal, state, or local crime and shall not
The defendant shall comply with standard conditions that have been
the judgment imposed. obligation, it shall be a condition of
any such that the comply___ of the

☒ The _____ defendant ____
within

☐ The de _____ defendant of the other supervised release

☒ The de _____ destructive device

**The defendant shall participate in a mental health program approved by the
US Pro_____**

**The defendant _____ supervised release _____
confin_____ due each month ____
is under _____**

## AND CONDITIONS OF SUPERVISION

While the _____ relates ___ to this ___, the defendant shall not commit another federal, state or loc___ ___

1) the defendant shall not leave the ____ without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete wr___ ___ the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or history of characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant:   **Jose Manuel Ortiz**
Case Number: **CR 91-53-02L**                    Judgment—Page __4__ of __5__

## FINE

‐ The defendant shall pay a fine of $ __6,918.00__ . The fine includes any costs of incarceration and/or supervision.

☐ This amount is the total of the fines imposed on individual counts, as follows:

**Count 1 & Count 2.**

☐ The court has determined that the defendant does not have the ability to pay interest. It is ordered that:

    ☐ The interest requirement is waived.
    ☐ The interest requirement is modified as follows:

This fine plus any interest required shall be paid:
☐ in full immediately.
☐ in full not later than _____.
☐ in equal monthly installments over a period of _____ months. The first payment is due on the date of this judgment. Subsequent payments are due monthly thereafter.
☒ in installments according to the following schedule of payments:

    **at the rate of $115.30 per month upon defendant's release from confinement.**

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

Sheet 7 - Statement of ...sons

**nt:**    **Jose Manuel Ortiz**

**Number:** CR 91-53-02L

Judgment—Page _5_ of _5_

## STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

## Guideline Range Determined by the Court:

Total Offense Level: _____ 22 _____

Criminal History Category: _____ I _____

Imprisonment Range: _41_ to _51_ months

Supervised Release Range: _3_ to _5_ years

Fine Range: $ _7,500.00_ to $ _1 million_

☒ Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution: $ _____

☐ Full restitution is not ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

OR

The sentence departs from the guideline range

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following reason(s):